Good morning. Jennifer Dower McCready of Diepenbrock Harrison on behalf of Appellant Fire-Trol Holdings. Ms. Creamy, may I ask you just a clarification question at the outset? Since all this happened in the district court, there's been a lot of activity in the court of federal claims. Yes, ma'am. Three lawsuits, as far as I can tell. And it seems to me that those lawsuits have now resolved. I know you've got an appeal pending on one of them, but they've resolved the bid, they've resolved the CICA issue, and they've resolved the FAR issue, and they've resolved the issue of whether the qualifications change was arbitrary and capricious. Does that, in effect, moot out a lot of the complaint, all of the complaint, or none of it? Well, our position is that it does not moot out the complaint because the issues that were raised in the court of federal claims are those in connection with a particular procurement, and the position that the Forest Service has taken is that it was deciding what to buy in a particular procurement. The issues that were before the Arizona district court were more, were broader than that, were further reaching. Well, I understand that, but I mean, are you taking, are you now saying that none I mean, the FAR issue looks to me to be identical. The CICA issue looks to me to be identical. And to the extent that you're complaining about the change itself in qualification, that appears to be identical. And that's all set out in the complaint, at least as I read it. As the way I read it, that would leave only the question of whether this was a, quote, unquote, rulemaking process somehow. I would agree that it does leave the question of whether this is a rulemaking process. I think there is, to the extent that any issue with respect to the application of that rule to a particular procurement and CICA is effective, those would still remain. But it is certainly primarily, if not exclusively, a rulemaking issue, yes. And that's really the issue that caused the problem here. Before we get to that, what is the status? Is it still on appeal? It is still on appeal. The argument as to whether or not the Forest Service properly amended the specification to exclude fire retardants containing YP soda and excluding gum thickener has been appealed. Part of the problem is that that appeal may very well be resolved on different issues. And so we don't know until the Court of Appeal for the Federal Circuit rules what the grounds are on which it will rule and what it will leave still pending. Has it been argued already? It has been argued. It was actually argued earlier this month. But, I mean, I guess the difficulty here is even if there is a rulemaking aspect of this case that's left, even if, I'm not sure there is, but even if, then doesn't that just bump squarely into what's going on in the Federal Circuit? It does affect what's going on in the Federal Circuit, certainly. I mean, there are very similar issues. But this issue is the adoption of a regulation which applies across the board, which is, has been relied on, for example, by the State of California. And so it is further reaching than just the issues that are ---- Well, let's back at it, backwards into it. What would happen if we or the district court agreed with you that this was a rulemaking proceeding and so it wasn't done correctly? What would happen? If it wasn't done correctly, then I would anticipate that the Forest Service would be directed to go back and comply with the requirements under the APA for adopting a regulation limiting, if they continue to choose to do so, limiting YP SOTA or requiring gun thickener. At that point, my client would have the opportunity to present the evidence, which was completely disregarded by the Forest Service. What would it do as far as the current contracts? As far as the current contracts, I don't know that we will get through, we will get to that point before the current contracts expire. In fact, I understand that there is a new procurement cycle that should be starting late this year or early next year if they follow the traditional procurement cycle. I'm not sure what the current facts are. But could it be ---- So I don't know that those contracts would be affected. What would be affected is my client's ability to continue preparing fire retardants and would open up to my client the opportunity to bid on the new contracts and to continue to provide ---- Kagan. That's where I have trouble, since the Court of ---- since at least as I read it, the present judgment is that the Forest Service wasn't arbitrary and capricious in arriving at these changes in the qualifications. Well, the decision was with a particular procurement that the Forest Service could have made that decision. The issues that were not before them were the broader reaching issues. Well, if they can do it for a procurement, why can't they do it for several of them? I mean, that's why it's just hard to kind of get your mind around this problem as a practical matter, purely practical matter. And I understand. The reason is that there is some amount of discretion given to the Forest Service to decide what it needs. In adopting a regulation which is a broader scope, the Administrative Procedure Act requires that certain information be taken and considered. In this case, unfortunately for my client, the Court found that the Forest Service didn't have to consider that information in deciding what it was going to procure in a particular procurement. But under the Administrative Procedure Act, that information would have to be considered. And we remain convinced that if that information is actually considered, that the finding would be that it is not in fact supportable, that it is an arbitrary and capricious decision to ban this. And that would require that in future procurements that the same ban on YP soda, the same requirement for gum thickener, not be implemented and would allow my clients to continue bidding products. Sotomayor, should this appeal be transferred to the Federal Circuit? I would ask at this point that it not be transferred to the Federal Circuit. Obviously, it's not. Yeah. I'm sure you don't like them very much. Well, maybe you're going to win on the Federal Circuit. I think that you could win on the appeal, couldn't you? We could win on the current, the pending appeal in the Federal Circuit. Then you'd like it transferred, wouldn't you? Well, honestly, the issue that's before this Court is purely a jurisdictional issue. The Arizona district court said it did not have jurisdiction because it found this to be in connection with a proposed procurement, violation of statute or regulation in connection with a proposed procurement. This was not. This was violation, a violation in connection with a rulemaking, not a proposed procurement. Your complaint goes a little further than that, though. I mean, I suppose the one possibility is we say to the extent that it involves procurement issues, we affirm the district court's finding of holding of no jurisdiction. But as to the pure rulemaking question, we reverse. That's one possibility. That is. And I think that that's acceptable because we view the substance of the complaint to be a challenge to the rulemaking. So to the extent this Court did find there was some piece of it that was applied to a particular procurement, I think that's fair. But the majority of it really is the APA. And the other alternative, or one alternative, is to transfer the whole thing to the Federal Circuit and let them sort it out. And if they think it's – obviously, they wouldn't have any jurisdiction over rulemaking, but if they think procurement issues control, then they would decide that. That is true. But I would urge this Court to follow the teachings of the Tenth Circuit and to find – and actually to follow the teachings of automated – Kagan. See, that's a wholly different situation, though, because there, the city wasn't in the ballgame. I mean, the city is – never has been a bidder, isn't a bidder, won't be a bidder. It just – it isn't in the – it isn't a player. But it is the same situation as this. No. The Tenth Circuit found that the city was not an interested party. Here, the court of Federal claims said, under the definition of interested party, Fire Troll is not an interested party because there was no pending procurement. They are both. Sure, because that's a standing question. From the point of view of the court of Federal claims, whether you're an interested party or not simply is a timing issue. They did entertain exactly the bid protest. I mean, so it's a timing issue from their point of view. It is, but it's also a timing issue from our point of view because if you deny my client access to the Arizona District Court, they never have the opportunity to challenge improper rulemaking because improper rulemaking is not properly before the court of Federal claims as stated in automated communication systems. So the only opportunity for my client to challenge this rulemaking procedure under the APA, the violation of those statutes and regulations, is before the district court, and we would ask this Court to so find. And you really want that shot. I mean, you. Absolutely. Okay. Thank you. Good morning. May it please the Court. Tim McAmel for the Fire Service. What has gone on in the Federal Circuit does move out the fire issues and the psych issues. And it does as a practice. It does not move out what? It does. It does. Those things have been decided. If this Court were to send those issues back to the district court, those issues would be raised judicata. But at some level, even if we agree with the district court on subject matter jurisdiction with respect to the procurement issues, is there a residual subject matter jurisdiction for the rulemaking challenge? No. Why? That is because what they're asking for, what they asked the district court to do was to stop this procurement process, stop the fire service from moving ahead with this decision to only buy a certain product. And the district court correctly held that pursuant to 5 U.S.C. 704, they could get that relief from the Court of Federal Claims. The Court of Federal Claims has to do that. Well, that's a remedy issue. It's not a jurisdictional issue. It is insofar as the only way they could get to the rulemaking issue was through the APA. But the APA says that only final actions for which there's no other adequate remedy in a court are subject to APA review. And there is here, because what they were asking for is, like I said, to stop this process. They got that that day in court, in the Court of Federal Claims. And the Court of Federal Claims heard the very same issues that they would present to the district court under the guise of a rulemaking argument. That's not even mentioning that this is what they're pointing to is not a rule to begin with. And counsel wasn't clear about what she was pointing to. But they can't point, in this case, to the amended specification, because that wasn't even amended until 2005, after this case commenced. So all they're pointing to are the statements in letters and perhaps oral statements in 2000 and 2002 from Forest Service officials telling them, come the 2004 procurement cycle, we're not going to buy a certain product anymore. Well, you know, their complaint actually contains a lot more than that. And part of it is, it does contain those elements that you've described, but it also asks for a declaration that the Forest Service has acted arbitrarily and capriciously and not complying with notice and comment period. Which is exactly what they asked the Federal Circuit, I'm sorry, the Court of Federal Claims to do with respect to the amended specification. So that's the specs. I mean, if it turns out to be a rule, then that's a whole different matter. I just don't see it as a jurisdictional bar. My point is that the – is that this whole issue was superseded by – superseded by the amendment of the specification. They can point to the amendment of the specified – the amended specification in a Court of Federal Claims action and say that that is – that is – the adoption of that was arbitrary and capricious. They actually did that. The Court of Federal Claims held that it was not. So it doesn't matter what was said in 2000 and 2002 in oral statements or in letters, because they had their day in court on the fire service determination that it wasn't going to buy YP soda and it wasn't going to buy fire retirement without gum thickener. So, therefore, the APA does not cover this action because the substance of this action can be heard and was heard by the Court of Federal Claims. All they had to do was wait until a solicitation hit the streets and say, look, that has to be set aside because it rests upon an amendment, the adoption of which was arbitrary and capricious. If this went back to the – if this went back to the district court on – on that issue with respect to the 2000 and 2002 statements, then that would run the very risk that was – that Congress intended to eliminate when it passed ADDRA, that courts, other than the Court of Federal Claims, would get into these issues. They would be making the very same arguments that they made to the Court of Federal Claims, that the science wasn't good, the interpretation of the science wasn't good. And Congress didn't want that. Congress wanted to consolidate all those issues, and not just solicitations and not just awards, but any – any decision, any action in the – in the process of a procurement – in the – in the procurement – government procurement process, and including an agency's determination of its needs. And the – the Labatt-Anderson case, the D.C. – the D.C. district court case that we cite, there are two Labatts, and – but the – the court there agreed with that argument and said that the procurement language in 1491b1 is very sweeping, and it doesn't – and it includes even the early stages of a procurement process, including the determination of needs, and that's all that is. So in order to be consistent with Congress's intent — Kennedy. Well, that's – that's one way to look at it. But another way to look at it is that it only gave exclusive jurisdiction where there was a suit that could be brought by an interested party. And you could look at it, as Judge Ramos says, as, well, you're an interested party, but you don't yet have standing. Or you could say that the interested party isn't a question of standing, but that you're – that a – if you're not a prospective bidder, because you can't be a prospective bidder until there's an announcement of a bid, that at that point you're not a prospective bidder, and therefore, the exclusive jurisdiction doesn't apply to you, that you're more in the same circuit case. Well, fortunately, these facts – fortunately for the government, these facts are not like those in Citi, because they were, after all, the incumbent, and that's the whole reason the Forest Service — No, no, they're not an interested party. Right. So there are two – there are two requirements to meet in order to get the Court of Federal Claims to hear the action. One is that they have to be an interested party, and the other is that it has to have something to do with a proposed procurement. But Congress wanted only proposed procurement actions to be heard in the Court of Federal Claims and only by Congress. Right. If they're not an interested party – I mean, the Federal Court of Claims has said they're not an interested party. Right. Get out of here. Where do they go? They've got to – you know, they've got to have some remedy somewhere. If they're not an interested party – and I'm not sure I agree with the assessment that they're not, but they're not an interested party, then why can't they challenge – say this is disguised rulemaking, why not challenge the rule? Because Congress wanted contractors like these. Right. They're saying, but you're not a contractor. You're not a – and this isn't – I mean, well, it's sort of – Well, Congress wanted interested parties to have to go somewhere. Yeah. But if they're not an interested party, then Congress left them free to go somewhere else. No. What it means is that if anybody has a procurement issue with – with an issue with the way the government is performing its procurements, I mean, awarding its procurements, putting its solicitations on the street, determining its needs, it has to go to the Court of Federal Claims. But – Well, not – not – I thought – I thought only if they were an interested party, they had to go to the Court of Claims. Right. And it leaves everybody else out on purpose. Well, what about the city and the 10th Circuit case? That – that case is wrong on – on – Okay. It's – it's wrong to begin with. I mean, the city shouldn't – If you agree with the 10th Circuit case, then maybe your opponents would have the right to go to – No, because even the 10th Circuit identified the city as somebody who wouldn't even be a potential bidder. They used that phrase. And that – that does not cover fire troll. I mean, they were always going to bid. They were in the incumbent – they were only two manufacturers of fire retardant to begin with. So they were somebody who Congress expected would wait. Well, at the end of the day, they didn't get their day in court. They didn't get to a trial or a hearing on the merits. They haven't. I mean, and your – and your argument is they're not entitled to anywhere – anywhere in the United States until – until a – No, they – they did have their day in court. They – they had their day in court on the issue whether the determination only to buy retardants that did not have YP soda and had gum thick – had gum thickener were – were arbitrary and capricious. They have had that day in court, and that's – that's the very same thing that the – the substance of the – that would be the same substantive argument that they would be making – making to the district court. And if the district court were to get into that, that would run the risk, the very risk that Congress sought to avoid of different outcomes. And, ironically, in the very – involving the very same – very same procurement decision, we'd have a court of Federal claims decision that said one thing and potentially a district court – a – a district court opinion that said another. And – Well, maybe that – that problem was created by the court of claims. They could hear it. They could have said somebody who's regularly in this business and you know is going to bid the next time there's a bid is an interested party. And then there wouldn't be any problem. Well, there wasn't any problem in this case either, Your Honor, because eventually the solicitation – the solicitation hit the street incorporating this determination of the Forest Service's needs, and the very same arguments were heard in – in one of the two cases that were decided in – was decided in the last five. Eventually may not be good enough in some cases. You know, but it – I don't know about this case. But there are bidders who may need to know before the bid's out to come and challenge it and lose when it's too late to do anything about it is – is not a very satisfactory solution for somebody who knows you've adopted a regulation that's going to make it impossible for them to comply. And it may take some time before the bid's out to know whether that's an illegal determination. And fortunately, that is not the fact – those are not the facts in this case, so the Court does not have to – That's what the kind of a rule you want, that the only time you can challenge it is after there's a – you know, an offer for a bid or a – till after the government said, okay, now's the time to bid, now you can become a prospective bidder. Yes. At least in this case, they could only show they were an interested party once the solicitation hit the streets, because the determination to change – to change the determination to buy only a certain kind of product did not directly affect their economic interests. Can you tell me whether the government sought cert in the Tenth Circuit case? I'm sorry, Your Honor. Did the government seek cert in the Tenth Circuit case, or do you know? I don't know. But on transfer, transfer would not be appropriate because this is a jurisdictional issue. The Federal Circuit could not get into that. Thank you. Thank you. Well, I think you have 52 seconds, I think. Yeah. So we'll give you a minute. Well, thank you. I think what this comes down to is really the fact that in order to challenge a rulemaking procedure, the district court must have jurisdiction so that there is some process by which a violation of the APA, as opposed to a violation of procurement statutes or regulations, can be challenged. This is what we seek, is the opportunity to raise that violation of the APA, that failure to take public – to provide public notice and to take public comment to get a full and complete record before making a judgment. Well, what remedy do you seek aside from stopping or allowing your bid? What's the remedy you would seek on the notice and hearing? Because I think there's some force to the government's argument that the remedies would overlap the remedies that are at issue in the Federal Circuit. The remedy that we would seek is the – What's the distinct remedy, I guess, is the better? The distinct remedy would be an order compelling the Forest Service to comply with the Administrative Procedure Act before implementing a regulation banning YP Soda or requiring gum thickener. So the – So you would seek to enjoin procurement that would contain those restrictions, too? I think that would be – because that would be part of application of the rule, yes, that would be a necessary part of it. Otherwise, it's meaningless to say you have to go through the APA, but we're going to attempt – Right. That's what I was getting to. So there is – I mean, I think there's some force to the government's argument that there's an overlap. What you're asking, what you eventually ask for in the district court is, in fact, the remedy you're seeking in the court of Federal claims. Well, in fact, the – in the court of Federal claims currently and on the court of appeals for the Federal Circuit, the issue is whether or not the amended specification which adopted these rules into the specification was properly adopted, whether they followed the proper procedure. So I don't know that there's really overlap there. Well, by proper procedures, do you mean following proper rulemaking? No. Proper procedures in that there is a requirement that they post an intent. That's the only question? That's not the only question. There's a number of questions with respect to the contracting officer and things that don't relate here. But the point is, is that there must be an opportunity to compel an agency that does not comply with the rule. Well, I guess what I'm asking is that there's the issue of whether this constituted rulemaking and whether it was done properly is not before the Federal Circuit? That is not before the Federal Circuit. But the issue of whether the specification, the qualification, the specification was arbitrary and capricious is. The – Because that was determined that it was not. The issue as to – and I know I'm over, but if you'd like me to try to clarify. No. The – there have been a number of issues before the Court of Federal Claims. There was a protest that raised whether using these – using a restriction on YP soda and a requirement for gum thickener was an abuse of discretion. The Court found that it was not an abuse of discretion in that instance, but did not take any testimony or consider any of the evidence that FireTroll would put in a rulemaking challenge in looking at that issue. That is no longer at issue. That has been decided and is no longer on appeal. The current appeal is when the Forest Service attempted to amend the specification. They didn't do the proper – they didn't get the proper approvals for adopting a restrictive specification and notice. That's the problem. I mean, I just don't understand how you're going to end up with conflicting rulings or rulings that bump up against each other, whether they conflict ultimately or not, aren't you? No, because in the APA procedure, there's a requirement that they consider public notice and comment. If it's a rulemaking process. And that's what we have contended in the complaint, and that's why we say that the Arizona District Court has jurisdiction to consider whether it was an and they were required to take public notice and comment and consider what my client says shows this is arbitrary and capricious. My client has no other way to get that evidence in, because in the Court of Federal Claims, they said, we don't care what your client thinks. All we look at is what the Forest Service says. Right. Well, if this goes down to the District Court again, and the District Court says, no, this is not – this wasn't a disguised rulemaking, that's the end of the game for you in District Court. That would be the end of the game. But you want the opportunity to argue that it's rulemaking and, therefore, had to comply with the other proceedings. Absolutely. Thank you. The case is here. It will be submitted.
judges: Reinhardt, Rymer, Thomas